IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY JEROME LACEY,

    Petitioner,               No. CIV S-07-2640 LEW GGH P

    vs.

M. C. KRAMER, Warden, et al.,

    Respondents.         ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        Petitioner challenges his conviction for possession of cocaine for sale to which he was sentenced to a state prison term of "4 years double w/ 85%." Form petition, p. 1. Petitioner sets forth eight grounds for his challenge.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

1

be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner, while he has apparently exhausted at least two of his claims on direct appeal, has failed to exhaust state court remedies as to the remainder of his claims because he expressly states that his habeas petition to the state supreme court is still pending. Form petition, p. 3.   Thus, it appears that petitioner has filed a mixed petition.  In Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S.Ct. 1807, 1813 (2005), the Supreme Court approved the filing of "protective petitions":

> Finally, petitioner challenges the fairness of our interpretation.  He claims that a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,'" and thus that his federal habeas petition is time barred. Brief for Petition 30. A prisoner seeking post conviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. See Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1531, 161 L.Ed.2d 440 (2005).  A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

Pace, 544 U.S. at 416, 125 S.Ct. at 1813.

Under Rhines v. Weber, supra, 544 U.S. 269, 125 S.Ct. 1528, district courts have discretion to hold mixed petition in abeyance pending exhaustion of unexhausted claims. However, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

1 dilatory in pursuing the litigation.  Rhines, supra, at 277-78, 125 S. Ct. at 1535.

2              Thus, petitioner must expressly set forth his exhausted and unexhausted claims
3 and file a motion to stay and abey his petition pending exhaustion if he wishes to proceed upon
4 all the grounds he has set forth in his petition and must show good cause for having failed to
5 exhaust the as-yet unexhausted claims prior to filing the instant petition, within thirty days.
6 Should he fail to do so the court must recommend dismissal of the petition as unexhausted.[2]
7 Upon the filing of petitioner's motion for a stay and abeyance, respondent must file and serve any
8 opposition thereto within thirty days.

9              Accordingly, IT IS HEREBY ORDERED that:

10              1.  Petitioner is granted leave to proceed in forma pauperis;

11              2.  Petitioner is granted thirty days of the filed date of this order to file a motion
12 for stay and abeyance of this mixed petition, as set forth above; failure to do so will result in the
13 court's recommending dismissal of the pending petition on grounds of non-exhaustion;

14              3.  The Clerk of the Court is directed to serve a copy of this order together with a
15 copy of the petition filed in the instant case on the Attorney General of the State of California;
16 and

17              4.  Should petitioner file a timely motion to stay and abey the instant petition,
18 respondent, within thirty days thereafter, must file any opposition thereto.

19 DATED:  01/11/08                    /s/ Gregory G. Hollows

20                                                        UNITED STATES MAGISTRATE JUDGE

21 GGH:009
lace2640.ord

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).